By the Court.
By virtue of section 5380 of the Revised Statutes, if execution on a judgment rendered in any court of record in this state, be not sued out within five years from the date of the judgment, or if five years intervene between the date of the last execution issued on such judgment and the *232 time of suing out another execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. There were two orders of sale issued in 1881, but for want of bidders there was no sale. From the return of the order of sale on October 18, 1881, to the filing of the petition in this case, on July 13, 1889' — a period of over seven years— nothing was done by the plaintiffs to keep alive their judgment. By failure to sue out execution for a period of over five intervening years, the judgment became dormant before the commencement of this action, and under section 5380 ceased to operate as a lien on the estate of the judgment debtor; and the levy of 1875 ceased to be a lien on the north half of the Zanesville lot, at the expiration of five years from the issuing of the last execution on the judgment.
The homestead was set off to the debtor, John J.. James, in 1877, under the provisions of section 5438 of the Revised Statutes. While that section secures to the debtor a homestead, it contains no language, we think, that prolongs the life of the judgment, or permits any laches on the part of the creditor in protecting his judgment. The lien arises from or is incident to the judgment, and can be preserved only by keeping the judgment alive. Between sections 5438 and 5380 of the Revised Statutes, we discover no conflict that should prevent the debtor from enjoying a homestead, at the same time that the creditor is required to comply with the statute, if he would preserve his judgment from becoming dormant.

Judgment Affi/rmed.